# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>ALMA ADRIANA BUSANE<br>　　　　　　　　　　　Defendant. | CASE NO. 04CR2557<br><br>**ORDER** |

HAYES, Judge:

　　This matters before the Court are 1) the motion for transcript and access to trial records (Doc. # 85) filed by the Defendant Alma Adriana Busane; and 2) the motion requesting sentence relief (Doc. # 87) filed by the Defendant Alma Adriana Busane.

## BACKGROUND

　　On September 29, 2004, Defendant Alma Adriana Busane was charged in a four count indictment with importation of cocaine and methamphetamine in violation of 21 U.S.C. §§952 and 960 and possession with intent to distribute cocaine and methamphetamine in violation of 21 U.S.C. § 841(a)(1).

　　On August 24, 2005, a jury returned a verdict finding Defendant guilty of all counts in the Indictment.

　　On December 19, 2005, the Court held a sentencing hearing. The Court concluded that the minimum mandatory sentence of 120 months applied and sentenced the Defendant to a period of 138 months imprisonment on each count to run concurrently.

Defendant filed an appeal in the Court of Appeals for the Ninth Circuit asserting that 1) the trial court failed to properly instruct the jury on her theory of the defense of third party culpability, 2) the district court erred in refusing to grant a safety valve reduction, and 3) the prosecutor's closing argument constituted misconduct.

On January 17, 2007, The Court of Appeals affirmed Defendant's conviction and sentence. *U.S. v. Busane,* 218 Fed. Appx. 633 (9th Cir. 2007). The Court of Appeals concluded that the district court properly instructed the jury on all elements of the defense that she lacked the requisite knowledge; and that the district court did not err in refusing to grant a safety valve reduction. Defendant timely filed a petition for a writ of certiorari to the United States Supreme Court.

On May 29, 2007, the United States Supreme Court denied the petition for writ of certiorari.

On July 13, 2007, Defendant filed a timely motion to vacate, set aside or correct under 28 U.S.C. § 2255 on the grounds that she was denied effective assistance of counsel; that her sentence violated the holding of the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000); and that her sentence was not reasonable under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005).

On November 14, 2007, this Court entered an order denying the motion to vacate, set aside or correct under 28 U.S.C. § 2255.

**RULING OF THE COURT**

1) the motion for transcript and access to trial records

Defendant moves the Court to order the court reporter to transcribe the testimony of witness Jesus Valtierra at trial, the voir dire of the jury, the instructions to the jury, and the sentencing hearing. Petitioner asserts that the transcripts are necessary for filing an appeal. The record in this case shows that the two day trial was transcribed during the course of the direct appeal. Defendant has set forth no factual or legal basis which would support her motion to order the court reporter to transcribe any further proceedings.

2) the motion requesting sentence relief (Doc. # 87)

Defendant moves the Court for "sentence relief under the Federal Prison Bureau Non-Violent Offender Relief Act 2003." Defendant contends that she is entitled to early release for certain non-violent offenders. Defendant contends that "subsection (g)" provides early release of prisoners after completion of 50% of his/her sentence if the prisoner is at least 45 years of age; the prisoner has never been convicted of a crime of violence; and the prisoner has no institutional misconduct record involving violent acts.

The provisions relied upon by the Defendant have never been enacted into law. Defendant has cited no statute which would permit this Court to modify the sentence imposed. *See* 18 U.S.C. § 3582(c).

IT IS HEREBY ORDERED that 1) the motion for transcript and access to trial records (Doc. # 85) is denied; and 2) the motion requesting sentence relief (Doc. # 87) is denied.

DATED: June 8, 2010

*/s/ William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge